IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 12-cr-00274-PAB
Civil Action No. 16-cv-01527-PAB

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

1. JAMES L. GRABER,

    Defendant-Petitioner.

## ORDER DENYING § 2255 MOTION

Defendant-Petitioner, James L. Graber, has filed a 28 U.S.C. § 2255 Motion to Vacate Sentence ("§ 2255 motion") (Docket No. 28).[1] The United States has responded to the § 2255 motion. Docket No. 31.

For the reasons discussed below, the § 2255 motion will be denied.

**I. PROCEDURAL HISTORY**

Mr. Graber pled guilty to armed bank robbery (18 U.S.C. § 2113(a) and (d)) and brandishing a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)). Docket No. 26 at 1. The predicate crime of violence for Mr. Graber's § 924(c) conviction was a violation of the federal bank robbery statute. *Id.* He was sentenced to

---

[1] Mr. Graber first filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [Docket No. 27]. After counsel was appointed, Mr. Graber filed an amended motion [Docket No. 28]. Mr. Graber's counsel has subsequently filed a motion seeking to withdraw from representation. Docket No. 37.

63 months imprisonment for the bank robbery conviction and to 84 months imprisonment for the brandishing a weapon conviction. *Id.* at 2. Mr. Graber moves, pursuant to 28 U.S.C. § 2255, to vacate his sentence on the basis that it violates *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"). He argues that, because bank robbery does not qualify as a crime of violence under § 924(c)(3)(A) (the "elements" clause), his conviction under § 924(c) was necessarily based upon the section's residual clause, which is unconstitutional pursuant to *Johnson*. Docket No. 28 at 2-8.

## II. ANALYSIS[2]

Mr. Graber's motion is nearly identical to the argument made in *United States v. Higley*, 726 F. App'x 715 (10th Cir. 2018) (unpublished). In *Higley*, as here, the defendant was convicted of a violation of 18 U.S.C. § 924(c) based on a conviction for armed bank robbery under 18 U.S.C. §§ 2113(a) and (d). *Id.* at 716. The defendant argued that armed bank robbery no longer qualifies as a crime of violence under § 924(c) because the "residual" clause of § 924(c) is unconstitutionally vague under *Johnson*, which invalidated the residual clause of the Armed Career Criminal Act – 18 U.S.C. § 924(e) – for the same reason. *Id.* After assuming that the defendant's § 2255 motion was timely and after applying the categorical approach, the Tenth Circuit held that the defendant's "conviction for armed bank robbery [] constitutes a 'crime of violence' under the alternate, elements-based definition in § 924(c)(3)(A)." *Id.* at 717.

---

[2]In its answer, the United States claims that Mr. Graber's motion is untimely. Docket No. 31 at 2. The Court declines to address the issue of timeliness because, regardless of whether Mr. Graber's motion is timely or untimely, it must be denied on the merits.

*See also United States v. McCranie*, 889 F. 3d 677, 681 (10th Cir. 2018) (bank robbery under § 2113(a) is a crime of violence); *United States v. Rinker*, 746 F. App'x 769, 772 (10th Cir. 2018) (unpublished) (armed bank robbery is, after *McCranie*, indisputably a crime of violence).

Mr. Graber makes the same argument, suggesting that robbery is not a crime of violence and, accordingly, his enhanced sentence could only be based upon the residual clause, which is unconstitutional under *Johnson*. Docket No. 28 at 3-8. Applying the categorical approach here, the Court finds that armed robbery is a crime of violence under Tenth Circuit precedent and that the defendant's argument is foreclosed by *McCranie* and *Higley*. As a result, Mr. Graber's motion must be denied.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

### III. CONCLUSION

For the reasons discussed above, it is

3

**ORDERED** that the 28 U.S.C. § 2255 Motion to Vacate Sentence [Docket No. 28] is **DENIED**. It is further

**ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 27] is **DENIED** as superseded, and thereby mooted, by Docket No. 28. It is further

**ORDERED** that the Motion to Withdraw as Counsel [Docket No. 37] is **GRANTED**. It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is DENIED.

DATED May 1, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge